IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
a South Carolina corporation,

    Plaintiff,

v.                                  Civil Action No. 5:05CV67
                                           (STAMP)
THE PAUL WISSMACH GLASS CO., INC.,
a West Virginia corporation,
DAVID POWELL, ROBERT M. FELDMEIER,
PAUL R. FELDMEIER, JR., MARK FELDMEIER
and DUWAYNE L. UELTSCHY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
DEFENDANTS' JOINT MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO STAY**

I. Procedural History

On May 10, 2005, the plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), filed a complaint in this Court against the defendants, The Paul Wissmach Glass Co., Inc., David Powell, Robert M. Feldmeier, Paul R. Feldmeier, Jr., Mark Feldmeier and Duwayne L. Ueltschy, pursuant to 28 U.S.C. §§ 2201 and 2002 and Federal Rule of Civil Procedure 57. The complaint is for declaratory judgment regarding State Auto's coverage for the claim of the underlying plaintiff.

On June 20, 2005, the defendants filed a joint motion to dismiss or, in the alternative, to stay. State Auto responded in opposition and the defendants did not reply. On July 20, 2005,

this Court entered an order directing the defendants to file with this Court a copy of the third-party complaint which was presumably filed in a state court action. To date, the defendants have not filed with this Court a copy of any state court third-party complaint. For the reasons stated below, this Court finds that defendants' motion to dismiss or, in the alternative, to stay must be denied without prejudice.

## II. Facts

On or about January 20, 2005, defendant, Duwayne L. Ueltschy, filed a lawsuit against The Paul Wissmach Glass Co., Inc., David Powell, Robert M. Feldmeier, Paul R. Feldmeier, Jr. and Mark Feldmeier in the Circuit Court of Wetzel County, West Virginia, Civil Action No. 05-C-10 K. On May 10, 2005, the plaintiff, State Auto Property and Casualty Insurance Company, filed a complaint in this Court seeking a declaration of rights and liabilities under an insurance policy issued to it by The Paul Wissmach Glass Co., Inc. with regard to the civil action filed by Duwayne L. Ueltschy. By order entered on June 17, 2005, Judge Mark A. Karl, the state judge presiding over the lawsuit filed by Duwayne L. Ueltschy, entered an order granting The Paul Wissmach Glass Co., Inc., David Powell, Robert M. Feldmeier, Paul R. Feldmeier, Jr. and Mark Feldmeier, leave to file a third-party complaint in that court seeking a declaratory judgment and other relief against State Auto. (Defs.' Mot. Summ. J. Ex. A.) The defendants request that this Court

dismiss this declaratory action or, alternatively, stay it pending resolution of the state court lawsuit.

### III. Applicable Law

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375 (4th Cir. 1994). Rather, a district court's decision to hear such a case is discretionary. Id.

The Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. The Court built upon these principles in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), suggesting that district courts also consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement"

> between the federal and state court systems, because of
> the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus Ins. Co. v. Winchester Homes, Inc., the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

## IV. Discussion

The defendants argue that this Court should dismiss, or in the alternative, stay this action because the defendants have been given leave to file a third-party complaint in the underlying state court action that is currently pending in the Circuit Court of Wetzel County, West Virginia. In response, State Auto argues that this Court should use its discretionary authority to hear this action pursuant to the factors set forth in Aetna Cas. & Sur. Co. v. Quarels, 92 F.2d 321, 325 (4th Cir. 1937) and the subsequent cases thereafter.

This Court does not need to address the merits of these arguments because the defendants have failed to provide this Court, as directed, with the third-party complaint filed against State Auto in the state court action.

The defendants bear the burden as movants in this action. The defendants provided an agreed order entered by the Circuit Court of Wetzel County permitting the parties to file a third-party complaint against State Auto Property and Casualty Insurance Company for declaratory judgment and other relief. (Defs.' Mot. Summ. J. Ex. A.) On July 20, 2005, this Court entered an order directing the defendants to file with this Court a copy of the third-party complaint as filed in the state court by August 10, 2005. To date, the defendants have not filed and served this Court with that third-party complaint. This civil action cannot be dismissed or stayed to be pursued in the Circuit Court of Wetzel County because the defendants did not provide this Court with any documentation that State Auto is a party to the state court action in a declaratory judgment proceeding. Accordingly, this Court finds that defendant's motion to dismiss or in the alternative to stay must be denied without prejudice.

V. Conclusion

For the reasons stated above, defendants The Paul Wissmach Glass Co., Inc., David Powell, Robert Feldmeier, Paul Feldmeier, Jr., Mark Feldmeier and Duwayne Ueltschy's motion to dismiss or, in the alternative, to stay is hereby DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     March 7, 2006


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE