IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
a South Carolina corporation,

    Plaintiff,

v.                                      Civil Action No. 5:05CV67
                                                    (STAMP)

THE PAUL WISSMACH GLASS CO., INC.,
a West Virginia corporation,
DAVID POWELL, ROBERT M. FELDMEIER,
PAUL. R. FELDMEIER, JR.,
MARK FELDMEIER and DUWAYNE L. UELTSCHY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF STATE AUTO PROPERTY AND CASUALTY**
**INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING MOTION FOR STATUS CONFERENCE**

I. Procedural History

On May 10, 2005, the plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), filed a complaint against the defendants for declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. Specifically, State Auto is seeking a declaration of rights and obligations pursuant to a preferred business policy and a commercial umbrella liability policy issued to The Paul Wissmach Glass Co., Inc. ("Wissmach Glass"). On January 26, 2006, State Auto filed a motion for summary judgment. On February 10, 2006, State Auto filed its memorandum of law in support of its motion for summary judgment, to which the defendants have not responded. Pursuant to Custer v. Pam Am Life Insurance

Company, 12 F.3d 410, 416 (4th Cir. 1993), this Court still must review the summary judgment motion "and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."

This Court has now carefully considered the motion for summary judgment filed by State Auto. This Court finds that State Auto's motion for summary judgment must be granted. Further, on May 19, 2006, State Auto filed a motion for a status conference on its motion for summary judgment, which must be denied as moot.

## II. Facts

Duwayne L. Ueltschy ("Ueltschy") was employed at Wissmach Glass from August 2002 until January 25, 2003. On January 20, 2005, Ueltschy filed a complaint against Wissmach Glass, David Powell ("Powell"), David M. Feldmeier, Paul R. Feldmeier, Jr. and Mark Feldmeier, in the Circuit Court of Wetzel County, West Virginia ("underlying action"), alleging violations of the West Virginia Human Rights Act, West Virginia Code § 5-11-1. In addition, Ueltschy alleges claims for tort of outrage, negligent infliction of emotional distress, negligent supervision, negligent retention and retaliatory constructive discharge and respondeat superior arising out of the alleged sexual harassment of Ueltschy by a supervisory employee of Wissmach Glass, David Powell. Specifically, Ueltschy alleges that he was subjected to unwanted sexual advances, including but not limited to, unwanted touching of

his buttocks and crotch and lewd and/or sexual comments.  Further, Ueltschy alleges that Powell exposed his genitals to Ueltschy.  In the underlying state court action, Ueltschy seeks damages for lost wages and benefits, embarrassment, humiliation, ridicule, vexation, loss of enjoyment of life, aggravation, loss of sleep, physical, mental and emotion distress and suffering and medical, psychiatric and psychological treatment.

On May 10, 2005, State Auto filed the present declaratory judgment action seeking that this Court determine that State Auto has no duty to defend or to provide coverage for the claims asserted in the underlying action.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.

1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary

judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In its motion for summary judgment, State Auto argues that this case should be summarily dismissed because each applicable section of the preferred business policy, issued by State Auto, Policy No. PBP-2-134-808 ("policy"), specifically excludes coverage for "harassment, humiliation, [and] discrimination." (State Auto's Mot. Summ. J. Ex. A.) State Auto asserts that the risk of sexual harassment is outside the scope of covered risks and thus, State Auto has no duty to defend or indemnify the defendants in the underlying action. Specifically, State Auto argues that: (1) in order to be covered under the policy at issue, the damages must be caused by an "occurrence" and there are no allegations in the underlying action that any damages were caused by an "occurrence" (State Auto's Mot. Summ. J. at 10.); (2) there is no coverage under the personal injury provisions of the policy because none of the injuries in the underlying action are listed in the policy at issue; and (3) there is no coverage under the employer's liability

endorsement because there are no allegations in the underlying action of bodily injury caused by accident or disease.  To date, the defendants have not filed a response.

The preferred business policy, Policy No. PBP-2-134-808, states as follows:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Section I - Coverages

Coverage A Bodily Injury and Property Damage Liability

1. Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .

    b.  This insurance applies to "bodily injury" or "property damages" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

            . . .

2. Exclusions

    This insurance does not apply to:

    a.   Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

. . .

c. Employer's Liability

"Bodily injury" to

>  (1) An "employee" of the insured arising out of and in the course of
>
>  > (a) Employment by the insured;

. . .

Coverage B Personal and Advertising Injury Liability

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

2. Exclusions

This insurance does not apply to:

>  a. "Personal and advertising injury:
>
>  > (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury;"

Section II - Who is an Insured

1. If you are designated in the Declarations as:

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with

    respect to their duties as your officers and directors.

2. Each of the following is also an insured:

  a. Your "employees," other than either your "executive officers" . . . or your managers . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees is an insured for:

    (1) "Bodily injury" or "personal and advertising injury:"

      (a) to . . . a co-employee while that co-employee is either in the course of his or her employment or performing duties related to the conduct of your business.

Section V – Definitions

3. "Bodily injury" means bodily injury, sickness, emotional distress or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

  a. False arrest, detention or imprisonment;

  b. Malicious prosecution;

  c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

> d. Oral or written publication of material that slanders or libels a person . . . ;
>
> e. Oral or written publication of material that violates a person's right of privacy;
>
> . . .
>
> EMPLOYMENT-RELATED PRACTICES EXCLUSION
>
> A. The following exclusion is added to Paragraph 2 .
>
> Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability:
>
> This insurance does not apply to
>
> "Bodily injury" to:
>
>> (1) A person arising out of any
>>
>>> (a) Refusal to employ that person;
>>>
>>> (b) Termination of that person's employment; or
>>>
>>> (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion . . . discipline, defamation, harassment, humiliation or discrimination directed at that person; or
>
> B. The following exclusion is added to Paragraph 2.
>
> Exclusions of Section I - Coverage B - Personal and Advertising Injury Liability:
>
> This insurance does not apply to "Person and Advertising Injury" to:
>
>> (1) A person arising out of any
>>
>>> (a) Refusal to employ that person;
>>>
>>> (b) Termination of that person's employment; or

>>(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion . . . discipline, defamation, harassment, humiliation or discrimination directed at that person.

EMPLOYER'S LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following is added to Section I – Coverages:

>A. Coverage D. Employers Liability Coverage (Stop Gap)
>
>>1. Insuring Agreement
>
>>a. We will pay those sum that the insured becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies.
>
>>. . .
>
>>b. This insurance applies to "bodily injury" by accident or by "bodily injury" by disease only if:
>
>>. . .
>
>>>(4) The "bodily injury is caused by:
>
>>>>(a) An accident occurring during the policy period;
>
>>>. . .
>
>>2. Exclusions –
>
>>This insurance does not apply to
>
>>f. "Bodily injury" to:

(1) A person arising out of any:

(a) Refusal to employ that person;

(b) Termination of that person's employment; or

(c) Employment-related practices, policies, acts of omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination directed at that person;

B. Section II - Who is an Insured, is amended with respect to Coverage D as follows:

1. If you are designated in the Declaration as:

. . .

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

A. <u>Bodily Injury</u>

Given the fundamental restriction of the coverage at issue to claims which assert "bodily injury," this Court must determine whether the underlying complaint contains averments of "bodily injury."

To be covered under the policy for bodily injury, the injury must be a disease or accident "occurring during the policy period."

11

(State Auto's Mot. Summ. J. Ex. A.)  The court in Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827 (W. Va. 2000), stated that "in an insurance liability policy, a claim based on sexual harassment does not come with the definition of 'occurrence,' which is defined as an 'accident including continuous or repeated expose to substantially the same general harmful conditions.'"  Thus, the court concluded that the insurer did not have a duty to defend an insured in an action for damages allegedly caused by the sexual misconduct of an insured.  Id.

Similarly, the present civil action deals with whether a claim of sexual harassment is covered under the policy.  In the underlying action, Ueltschy, a former employee of Wissmach Glass, alleges violations of the West Virginia Human Rights Act, West Virginia Code § 5-11-1, tort of outrage, negligent infliction of emotional distress, negligent supervision, negligent retention, retaliatory constructive discharge and respondeat superior stemming from a claim based on sexual harassment.  Based upon the coverage at issue, an "occurrence" is an accident that can include continuous or repeated expose to substantially the same general harmful conditions.  (Pl.'s Mot. Ex. A.)

This Court finds that the alleged sexual harassment is not an "occurrence."  See Russ v. Great American Ins. Co., 464 S.E.2d 723, 725 (N.C. App. 1995)(holding that "acts of sexual harassment, as a matter of law, are not 'accidents' and thus not bodily injuries

12

caused by 'occurrences.'") Further, the policy expressly states that the policy does not apply to bodily injury arising out of "(c) Employment-related practices, policies, acts of omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination directed at that person . . . ." Id.

Finally, the policy expressly excludes coverage for "bodily injury" that is intentionally caused by the insured. As stated in Smith, 542 S.E.2d at 827, Syl pt. 4, an insurer does not have a duty to defend or a duty to pay damages for an alleged sexual misconduct of an insured when the commercial general liability insurance policy contains a "so-called 'intentional injury' exclusion." Similarly, the policy in this civil action contains an "intentional injury exclusion." Accordingly, this Court finds that sexual harassment alleged by Ueltschy in the underlying action, is non-accidental in nature and would not be covered under the policy's bodily injury section.

B. Personal Injury

The policy defines "personal and advertising injury" as an injury arising out of one or more of the following offenses: false arrest, detention or imprisonment, malicious prosecution, wrongful eviction, oral or written publication of material that slanders or libels, oral or written publication of material that violates a person's right of privacy. (Def.'s Ex. A at 12.) Further,

13

Coverage B, Personal and Advertising Injury Liability, states that the policy does not apply to "Personal and advertising injury" that was "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" Id. at 5.

The personal injury alleged by Ueltschy in the underlying action was caused by Powell, a person alleged to be an insured under the policy. Smith, 542 S.E.2d at 832-3, set forth the rule that "[i]ntent will be implied as a matter of law in instances of . . . sexual harassment." Thus, Powell had the knowledge that the alleged acts would violate Ueltschy's rights and would inflict personal injury.

Accordingly, based upon the unambiguous provisions of the personal injury section of the policy, this Court finds that no coverage exists for Ueltschy's claims of sexual harassment alleged in the underlying action.

C.  Employer's Liability

Pursuant to its employer's liability endorsement provision, the policy provides coverage for bodily injury by accident or by disease which arises out of and in the course of the injured employee's employment by the insured. Further, the employer's liability endorsement provision excludes "Bodily injury to: . . . (b) Termination of that person's employment; or (c) Employment-related practices policies, acts or omissions, such as coercion,

14

demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person . . . ." (Def.'s Ex. A at 2 of 4.)

The bodily injury alleged in the underlying action stems from an allegation of sexual harassment, which is an intentional act. See Smith, 524 S.E.2d at 832-3. Thus, this Court finds that there are no claims for accidental bodily injury in the underlying action. In addition, bodily injury for harassment and termination are specifically excluded from the policy.

Accordingly, based upon the unambiguous provisions of the policy, this Court finds that no coverage exists pursuant to the employer's liability endorsement section of the policy for the claims alleged in the underlying action.

As stated above, the claims asserted by Ueltschy in the underlying action are not covered under the policy. Pursuant to Aetna Casualty & Surety Company v. Pitrolo, 342 S.E.2d 156, 160 (W. Va. 1986), "an insurer's duty to defend is tested by whether the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." Based upon the rule set forth in Aetna, this Court finds that State Auto does not owe a duty to defend or indemnify the defendants in the underlying action pending in the Circuit Court of Wetzel County, West Virginia. Id.

## V. Conclusion

For the reasons stated above, the plaintiff State Auto Property and Casualty Insurance Company's motion for summary judgment on its declaratory judgment action is hereby GRANTED and the plaintiff's motion for a status conference on its motion for summary judgment is hereby DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 7, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE